No. 2768

Second Circuit

DENNIS v. J. FRANK DARLING CO., INC.

(March 12, 1929. Opinion and Decree.)

T. H. McGregor, of Rayville, attorney for plaintiff, appellant.

Cook and Cook, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff, L. W. Dennis, sued defendant, J. Frank Darling Company, Inc., a non-resident corporation, and obtained writs of attachment against its property and garnisheed various of defendant's customers who were indebted to it for the price of merchandise sold them. He alleged that defendant was indebted to him in the sum of $530.59 with legal interest thereon from judicial demand, and in the further sum of $25.00 a day from the date of the filing of his suit until defendant should comply with its contract. He alleges:

"That on account of this failure of the defendant to furnish petitioner advances for his expenses, your petitioner has lost valuable time in which he could have and would have earned · commissions under his contract at the rate of $25.00 per day.

"That from the time of the beginning of petitioner's employment by the defendant, down to and including November 22, 1924, his commissions on accounts amounts to the sum of $1017.16. That during the month of October defendant placed other men in the territory in which petitioner was working and for four days he was not able to place any orders, for the reason of said interference contrary to contract, and for these four days petitioner claims $25.00 per day or $100.00. That the days of November 24, 25, 26, your petitioner was unable to get out on the road to work, by reason of the fact that the defendant had not sent him any

expense money in accordance with the terms of the contract, and for the loss of these three days' time petitioner claims the sum of $25.00 per day or $75.00. That on account of these breaches of contract on the part of the defendant, petitioner has been put to the expense of using telephones and telegraphs to the amount of $14.33, which amount he charges against the defendant. All of which earnings and charges amount to the sum of $1206.49. That, during the term of employment up to date, defendant has advanced to petitioner the sum of $677.45, leaving a balance due to petitioner under the terms of the said contract of the sum of $530.59."

And he further alleges that by reason of defendant's failure to advance him any further sums of money for expenses he has been and will be unable to travel and solicit orders for its merchandise and consequently will lose commissions on sales of $25.00 a day.

And he prayed judgment against the defendant for $530.59 with legal interest thereon from judicial demand and for the further sum of $25.00 a day from the date of his suit until defendant should advance him expense money in accordance with the contract between them.

After several preliminary motions, not necessary to be considered here, and the filing of an amended petition wherein plaintiff increased the item of $530.59 to $536.28 and particularized the items going to make up this amount, the defendant answered pleading, in effect, a general denial, and praying that the writs of attachment and garnishment be dissolved and plaintiff's demands be rejected.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and he appealed.

Defendant has filed an answer to the appeal and asks judgment in reconvention against the plaintiff in the sum of $95.41 with legal interest thereon from judicial demand.

## OPINION

Plaintiff, in brief, presents two possible grounds as basis of a judgment in his favor by this court, as follows:

1. Total commissions, bonuses, loss of time and expenses for telegrams, etc., claimed.................$1041.56
Amount for idle time after defendant prevented plaintiff from working any longer....................... 1050.00

Grand total of plaintiff's claims..$2091.56
Less credits admitted by plaintiff 727.45

Balance due plaintiff by defendant ----------------------------------------------------$1364.11
2. Total earnings admitted by defendant to be due............................. $768.77
Maximum receipts admitted by plaintiff ----------------------------------------------- 727.45

Balance due to plaintiff by defendant ----------------------------------------------- $41.32
If the Glassell order is deducted by the court ----------------------------------- $31.74

Balance due plaintiff by defendant ----------------------------------------------------- $9.58

And says:

"Our conclusion is, therefore, that the judgment of the lower court should be reversed, and there should be judgment for the plaintiff in some amount ranging from $9.58 to $1364.11."

In his original petition plaintiff claimed $530.59 and in his amended petition he increased this amount to $536.28 and in his brief it is reduced to $364.11. This indicates to us that plaintiff did not keep an accurate record of his earnings and expenses.

Plaintiff claimed to have earned commissions amounting to $1041.56 and defendant admitted commissions amounting to $768.77, leaving a difference of $272.79 made up as follows:

Difference between commissions
claimed and commissions allowed $53.46

Three bonuses of $10.00 each
claimed and not allowed................ 30.00

Loss of three days time at $25.00
a day ---------------------------------------------- 75.00

Loss of time for four days at $25.00
a day ---------------------------------------------- 100.00

Cost of telephone conversations and
telegrams ----------------------------------- ---- 14.33
                                                    _____
                                                    $272.79

It will therefore be seen that what is presented for our determination is plaintiff's right to recover $1050.00 for alleged loss of time and his right to recover for the items going to make up the $272.79.

The item of $1050.00 for time lost cannot be allowed, for the reason that plaintiff telegraphed to defendant his resignation of his employment and defendant at once accepted it. On November 20, 1924, plaintiff wired defendant as follows:

"Followed Holloway Greenville to Sulphur Springs. Found him selling my merchants. Accept my resignation or wire Sencer stop him my territory. Am claiming commission. Advise Sencer your decision. Wire me your decision Winnsboro, Texas. Home Sat."

To which defendant replied by telegraph on November 24, 1924, as follows:

"Your wire of resignation last Thursday accepted at face value. Therefore did not send your drawing account check last week. Your account will be balanced and statement mailed you earliest possible date. Please forward your sample case and paraphernalia to Sencer, Park Hotel, Dallas, at once."

By this exchange of telegrams plaintiff's employment by defendant was terminated and therefore plaintiff cannot recover damages because defendant did that which he asked it to do.

Plaintiff says he did not intend his telegram to be accepted as a resignation, but be that as it may. his telegram gave defendant the right to do what it did and it incurred no liability to him in consequence.

The item of $100.00 loss of four days' time at $25.00 a day by reason of another salesman being put in plaintiff's territory cannot be allowed, for the reason that plaintiff was allowed a commission on all sales made in his territory whether made by himself or someone else, and his contention that he could have made $25.00 a day during the four days had another salesman not been put in his territory is not supported by the evidence.

The item of $75.00, loss of three days' time at $25.00 a day, caused by defendant not providing plaintiff with expense money, cannot be allowed, for the reason that there is no evidence that defendant failed to advance plaintiff expense money until after plaintiff tendered his resignation; nor is there any evidence showing that plaintiff could have earned any definite amount during the three days had he worked.

"Expected profits from a contract, which are dependent upon contingencies, cannot be allowed for violation of the contract, especially when the proof is general and unsupported."

Bohn vs. Cleaver, 25 La. Ann. 419.

The item of $53.46, difference in commissions claimed by plaintiff and allowed by defendant on certain sales, cannot be allowed, for the reason that the commission was based on the sale price as claimed by defendant and not on the list price as contended for by plaintiff.

The item of $14.33, cost of telephone conversations and telegrams, cannot be

allowed, for the reason that it is not shown by the evidence that plaintiff was authorized by defendant to incur such expenses and in the absence of such authorization defendant was not liable for them.

The claim of $30.00 for three bonuses of $10.00 each, cannot be allowed, for the reason that the evidence does not show the conditions on which the contests were based in which the commissions are claimed been earned.

Plaintiff testified regarding the contests:

"Q. Examine the document marked plaintiff's exhibit 30, and say whether or not that is a statement received by you from the company with reference to any result from these so-called contests or tournaments.
"A. Yes, sir.
"Q. Have you any other of these bulletins or documents in connection with that tournament that you have been able to find in your papers?
"A. I have those there. Those telling about the tournament.
"Q. In connection with your present testimony, examine document marked plaintiff's exhibit 30, 31, 32, 33, 34, 35, 36, 37, 38 and state whether or not they represent all of the pages and bulletins that you could find with reference to this so-called tournament.
"A. That is all that I have been able to find, yes, sir. There were some papers that were accidentally destroyed in a fire when I moved from Shreveport, that was pertaining to this tournament and bonuses, etc., that I have not been able to produce.
"Q. Are you able to find through these papers the specific bulletin previous to this one that—
"A. No, sir; you can't find that on there. That was on the bulletin previous to this one that showed the amount.
"Q. Regardless of the commission to be paid, what was the rule, during the tournament, with regard to the bonuses to be paid to those winning games?
"A. They were to be paid weekly to the winners of the games. In other words, my opponent, if I beat him in quantity of business, I was to receive a bonus of $10.00 at the end of each week."

Under this evidence it is clear that there are no facts or figures by which the court could determine what if any sum was due plaintiff by defendant on account of bonuses.

Two other amounts of $50.00 each, with which defendant had debited plaintiff's account, and which were in controversy are eliminated from the case, namely: one a check for $50.00 sent plaintiff and credit for which he had not given defendant, plaintiff in his evidence admits to have received and through oversight failed to credit defendant with it. The other $50.00 defendant paid for plaintiff's account at his request and plaintiff admits that he directed the payment and that he had not repaid the amount.

The claim by plaintiff for $25.00 a day dating from the filing of the suit is apparently abandoned. Inasmuch as his employment terminated with the sending of the telegram of November 20, 1924, of course he could not have any claim on defendant for time lost subsequent thereto.

The items of debit making up plaintiff's claim therefore were not established by the evidence and his demands were correctly rejected.

Defendant, by reconventional demand filed in this court for the first time, seeks judgment against plaintiff for $95.00, money alleged to have been collected by plaintiff from debtors of defendant, and the evidence shows that plaintiff did collect amounts aggregating this sum.

Defendant did not file its reconventional demand in the trial court and under the pleadings as originally made up all the evidence admitted was admissible. Therefore the pleadings were not enlarged by the evidence admitted to prove that the collections were made by plaintiff, and the pleadings not having been enlarged defendant is not entitled to recover in reconvention.

Rogers vs. Southern Fiber Co., 119 La. 714, 44 So. 442, 121 Am. St. Rep. 537.

Under all the evidence the judgment appealed from is correct and therefore it is affirmed.